**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**DEC 18 1998**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

JORGE DEL VAL SOTO,

      Defendant - Appellant.

No. 98-2011
(D.C. No. CR-97-198-HB)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.[**]

      Jorge Del Val Soto appeals from his conviction of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

<u>Background</u>

      Mr. Del Val Soto was arrested on February 22, 1997 after driving a van into

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

a border patrol checkpoint in Doña Ana County, New Mexico. The border patrol agent directed Mr. Del Val Soto to the secondary inspection area after Mr. Del Val Soto's nervous behavior aroused the agent's suspicions. The agent shined his flashlight into the back of the van and noticed that the van's floor seemed altered. After obtaining Mr. Del Val Soto's permission to look inside, the agent saw evidence of a hidden compartment. A drug detecting dog subsequently alerted on the van, and 168 pounds of concealed marijuana was found.

Mr. Del Val Soto claimed that he was duped into driving the van, and denied knowing that the marijuana was in the van. As part of a business of selling used cars in Juarez, Mexico, he claimed that he was driving to Albuquerque in order to purchase a used car for resale in Mexico. He allegedly accepted an offer to drive an acquaintance's van because his own car had recently been in an accident.

On appeal, Mr. Del Val Soto asserts that the district court made a number of evidentiary errors, arguing that the court abused its discretion in (1) allowing the government to present photographs of marijuana samples and evidence as to the chain of custody, even though the parties had stipulated to both the fact of the marijuana and the chain of custody; (2) allowing the government to present a videotape of the alterations to the van and the marijuana, when it had already presented photographs depicting the same things; and (3) allowing testimony as to

the street price of marijuana in Las Cruces, Albuquerque, and Chicago, even though there was no evidence of where the marijuana was to be distributed. Mr. Del Val Soto contends that the district court's errors in admitting this evidence were not harmless. Alternatively, he argues that the cumulative error doctrine mandates reversal even if the errors are individually harmless.

## Discussion

### A.

Mr. Del Val Soto first asserts that the district court abused its discretion in allowing the government to present evidence that had already been stipulated to by both parties, and that the evidence was unfairly prejudicial under Rule 403 of the Federal Rules of Evidence. We review the admission of evidence under Rule 403 for an abuse of discretion. See United States v. McVeigh, 153 F.3d 1166, 1199 (10th Cir. 1998).

Under Rule 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Mr. Del Val Soto relies on Old Chief v. United States, 117 S. Ct. 644 (1997). Therein, the Supreme Court held that, where evidence of a prior felony conviction was relevant only to prove an element of 18 U.S.C. § 922(g)(1) and the defendant

offered to stipulate to the prior conviction, "the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available." Id. at 655. We confronted the same issue in a similar fashion in United States v. Wacker, 72 F.3d 1453 (10th Cir. 1995), modified (1996), and subsequently followed the reasoning of Old Chief in United States v. Wilson, 107 F.3d 774 (10th Cir. 1997).

However, Old Chief, Wacker, and Wilson do not stand for the proposition that whenever a criminal defendant stipulates to an element of a crime, the government cannot offer the same evidence through another means at trial. Indeed, Old Chief limited its holding to "cases involving proof of felon status." Old Chief, 117 S. Ct. at 651 n.7; see also Wacker, 72 F.3d at 1473 ("[O]ur holding is driven primarily by the unique nature of section 922(g), and our analysis is therefore limited to this type of case.").

Apart from the "unique" or "peculiar" situation presented by 18 U.S.C. § 922(g)(1), the prosecution "may fairly seek to place its evidence before the jurors, as much to tell a story of guiltiness as to support an inference of guilt, to convince the jurors that a guilty verdict would be morally reasonable as much as to point to the discrete elements of a defendant's legal fault." Old Chief, 117 S. Ct. at 654. The effect of the admission of evidence regarding marijuana is not

analogous to the potential prejudice of evidence related to a prior conviction; in the latter situation, the only issue is the "defendant's legal status, dependant on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him." Id. at 654-55. In contrast, the marijuana is evidence of the criminal behavior of which Mr. Del Val Soto was charged and convicted. Further, we have previously held that the district court did not abuse its discretion in finding that the display of a large amount of drugs during trial is not more prejudicial than probative. See United States v. Jones, 44 F.3d 860, 875 (10th Cir. 1995). Thus we decline the invitation to extend the reasoning of Old Chief to stipulations regarding marijuana, and hold that the district court did not abuse its discretion in admitting the evidence.

## B.

Mr. Del Val Soto further contends that the district court abused its discretion in allowing the government to present a videotape of the alterations to the van and the marijuana, because the videotape was cumulative and unfairly prejudicial. The government presented fifteen photographs of alterations to the van and the marijuana. The government then presented, over objection, a videotape of the exterior and interior of the van showing essentially the same alterations. According to Mr. Del Val Soto, any probative value of the videotape was outweighed by unfair prejudice, because "the government was unfairly

allowed to highlight the alterations to the jury, making them appear extremely obvious." Aplt. Br. at 14.

Mr. Del Val Soto looks to our decision in United States v. Olivo, 80 F.3d 1466 (10th Cir. 1996), for support. There we found that the district court's decision to exclude cumulative evidence under Rule 403 was within its discretion. See id. at 1470. However, this does not limit a court's discretion to admit evidence that is, arguably, cumulative. After reviewing the record, we fail to find any unfair prejudice resulting from the videotape, and hence cannot say that the district court abused its discretion in admitting it.

C.

Finally, Mr. Del Val Soto maintains that the district court abused its discretion in allowing testimony as to the value of the marijuana, because the testimony was irrelevant and unfairly prejudicial. The government presented evidence of the street price of marijuana in Las Cruces, New Mexico, in Albuquerque, New Mexico, and in Chicago, Illinois. Mr. Del Val Soto argues that this was irrelevant because there was no evidence presented that the marijuana was intended for distribution in Albuquerque or Chicago.

Under Rule 401 of the Federal Rules of Evidence, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it

would be without the evidence." Fed. R. Evid. 401. One of the elements that the government must prove under 21 U.S.C § 841(a)(1) is a specific intent to distribute fifty kilograms or more of marijuana. See Jones, 44 F.3d at 869. In Jones, we held that expert testimony regarding the value of drugs is relevant to prove that the drugs were intended for distribution. See id. at 876. Although evidence as to the quantity of the marijuana may have been adequate to prove this element of the offense, we recognize "that the prosecution with its burden of persuasion needs evidentiary depth to tell a continuous story." Old Chief, 117 S. Ct. at 654. Thus we hold that the district court did not abuse its discretion in admitting this evidence.

Since we have found no error in the district court's evidentiary rulings, there is no need to address Mr. Del Val Soto's cumulative error argument. See United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990) ("[A] cumulative-error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors.").

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge